UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CANDY MARCUM, | Case No. 1:10-cv-790 |
| Plaintiff, | Weber, J.<br>Litkovitz, M.J. |
| vs. | |
| SCIOTO COUNTY, OHIO, *et al.*, | **ORDER** |
| Defendants. | |

Plaintiff brings this action, as the administratrix of the estate of and on behalf of William Marcum (Marcum), deceased, under 42 U.S.C. § 1983 alleging violations of Marcum's constitutional rights against David Walker, M.D. (defendant Walker), Scioto County Sheriff's Office employees Marty Donini, Jason Lute, Craig Johnson, Jay Springs, Brett Ervin, Kristi Powell, Zach Conkel, John and Jane Does 1-10, and Scioto County (the Scioto County defendants). (Doc. 1). This matter is before the Court on plaintiff's motion to compel (Doc. 26), memoranda in opposition of defendant Walker (Doc. 27) and the Scioto County defendants (Doc. 28), and plaintiff's reply. (Doc. 38). Plaintiff moves to compel the production of certain medical files of Scioto County Jail inmates. For the following reasons, plaintiff's motion to compel is **GRANTED**.

### I. Background

Plaintiff's complaint alleges that Marcum, plaintiff's deceased husband, was remanded to Scioto County Jail on October 10, 2009 to serve a two year sentence for identity theft. (Doc. 1, ¶ 10). Marcum had a history of asthma and defendants were aware of this medical condition. *Id.*, ¶ 11. Marcum sought treatment for his asthma while in the jail and was given some access to an

inhaler and some medication, but these failed to control his asthma. *Id.*, ¶ 16. In the week prior to November 17, 2008, Marcum was having difficulty breathing and had requested breathing treatments from the hospital but his requests were denied. *Id.*, ¶ 17. On November 16, 2008, Marcum and other inmates informed several of the Scioto County defendants that Marcum was in distress due to asthma but they failed to timely provide medical treatment. *Id.*, ¶ 19. Marcum collapsed while suffering an asthma attack shortly after midnight on November 17, 2008 and died from the attack after inmates' attempts at administering CPR were unsuccessful. *Id.*, ¶¶ 20-22. Plaintiff alleges that policies, practices, customs, and usages put in place by the defendant policymakers were the moving force behind Marcum's death and that defendants were deliberately indifferent to Marcum's serious medical needs. *Id.*, ¶¶ 23, 25. Plaintiff further alleges that the defendant policymakers failed to train Scioto County jail employees and implement policies that adequately addressed the known health risks to inmates suffering from asthma. *Id.*, ¶ 24.

## II. Motion to Compel Standard

"The scope of discovery is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970); *see also* Fed. R. Civ. P. 26(b)(1). In other words, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear

2

on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Pretrial discovery serves the important functions of clarifying the issues between the parties and "ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues[,]" thus, clearing the way "consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Nevertheless, the Court should balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

## III. Analysis

As detailed above, plaintiff alleges that defendant Scioto County policymakers are liable for: instituting the policies, practices, customs, and usages responsible for Marcum's death; failing to train Scioto County Jail employees; and failing to implement policies that adequately address potential health risks to inmates with asthma. (Doc. 1, ¶¶ 23-25). Further, plaintiff alleges that these failures constitute deliberate indifference on the part of defendants to Marcum's serious medical needs and that Marcum died as a result of the defendants' policies and training or lack thereof. *Id.* Plaintiff seeks discovery aimed at proving these claims. Specifically, plaintiff has requested the medical files of other inmates housed in the same dorm as plaintiff during his confinement at Scioto County jail and medical files of Scioto County jail inmates who were treated for asthma between July 1, 2007 and December 31, 2008.

Plaintiff asserts that this discovery is relevant to proving the merits of her deliberate indifference and municipal liability claims and is not unduly burdensome to defendants. Further, plaintiff contends that any confidentiality issues presented by the disclosure of non-party medical

3

files are adequately addressed by the entry of an appropriate protective order. The Scioto County defendants and defendant Walker object to producing the requested medical records asserting that they are privileged under Ohio state law. Further, the defendants assert that the requests are unduly burdensome and that plaintiff can obtain many of the records herself by securing waivers from the inmates who were in the Scioto County Jail concurrently with Marcum. In reply, plaintiff argues that the Ohio confidentiality statute does not apply in this federal litigation and, as there is no federal physician-patient privilege, the files are discoverable. Further, plaintiff replies that the entry of a protective order will adequately protect the privacy interests of the non-party inmates. Before these arguments can be addressed, however, it is necessary to determine whether the information sought by plaintiff is discoverable under the standard enunciated above.

To establish an Eighth Amendment claim for a denial of medical care under 42 U.S.C. § 1983, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An inmate who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. A jail official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In bringing an Eighth Amendment municipal liability claim for deliberate indifference to serious medical needs, the plaintiff must establish that the plaintiff's injury resulted from "an implementation of [the municipality's] official policies or established customs." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring). To prove the existence of a municipality's illegal policy or custom, the "plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 389 F.3d 426, 429 (6th Cir. 2005) (internal citations omitted). As plaintiff notes, the Sixth Circuit has held that an Eighth Amendment "deliberate indifference" claim of municipal liability "may be established by a showing of grossly inadequate care as well as [by] a decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Here, to be successful on her municipal liability claim, plaintiff will be required to establish that there were other Scioto County jail inmates who, like Marcum, received inadequate care for a serious medical need as a result of a policy implemented by the defendant policymakers. The medical files plaintiff seeks will allow her to determine the customary medical treatment provided to Scioto County jail inmates, pursuant Scioto County policies, and whether this passes constitutional muster. For example, this discovery will allow plaintiff to determine if inmates known by Scioto County jail employees to be suffering from asthma received medical care comparable to that which was provided to Marcum and whether that care was constitutionally adequate. As plaintiff notes, whether the purported errors and/or omissions

5

in Marcum's medical records (*e.g.*, Marcum's vital signs were never taken or recorded) were a singular event or are customary in providing treatment to Scioto County jail inmates may tend to prove or disprove plaintiff's claim that Scioto County has a practice of providing inadequate care to inmates with serious medical needs. Further, if prior instances of inadequate care are demonstrated, plaintiff may be able to use this as evidence that defendants had "actual or constructive notice of the unconstitutionality of the medical care provided in those situations, and that the municipality participated in the harmful act or acts by promulgating and/or tolerating the custom or policy of providing such care." *McEvoy v. Hillsborough County*, No. 09-cv-431-SM, 2011 WL 1813014, at *5 (D.N.H. May 5, 2011) (citing *Connick v. Thompson*, 131 S.Ct. 1350, 1359-60 (2011)). As the discovery sought may directly prove or disprove plaintiff's municipal liability claim, it is relevant and discoverable provided that it is not privileged. Fed. R. Civ. P. 26(b)(1).

Defendants assert that the requested records are privileged under Ohio Rev. Code § 2317.02[1] and that compelling production of inmate medical records could expose them to state law tort liability. In support of this position, the Scioto County defendants cite to *Roe v. Planned Parenthood Southwest Ohio Region*, 912 N.E.2d 61 (Ohio 2009) and *Turk v. Oiler*, 732 F. Supp.2d 758 (N.D. Ohio 2010), where the Ohio Supreme Court and the District Court for the Northern District of Ohio held that non-party medical records were privileged from disclosure pursuant to Ohio Rev. Code § 2317.02. However, these cases are inapposite as their holdings are premised upon applying § 2317.02, an Ohio evidentiary statute, to Ohio state law claims. The instant case is before the Court on a federal question and, consequently, Ohio evidentiary law is inapplicable.

---

[1] Section 2317.02 provides that physician-patient communications are privileged. Ohio Rev. Code § 2317.02(B)(1).

Federal common law governs claims of privilege in United States courts where jurisdiction is based on a federal question. Fed. R. Evid. 501; *Hancock v. Dodson*, 958 F.2d 1367, 1372-73 (6th Cir. 1992). The federal courts do not recognize a physician-patient privilege nor "has Congress codified the concept in a federal statute." *G.M.C. v. Director of the Nat'l Institute for Occupational Safety & Health*, 636 F.2d 163, 165 (6th Cir. 1980); *see also Mann v. University of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at *4 (6th Cir. 1997) ("federal courts do not recognize a federal physician-patient privilege"). Federal courts are not permitted to apply state privilege law, regardless of the importance of implicated policy concerns; rather, they are obligated to apply federal privilege law. *Hancock*, 958 F.2d at 1373.

The Scioto County defendants urge the Court to consider the Ohio state physician-patient privilege in making this ruling and cite to *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004), where the Seventh Circuit considered the Illinois state physician-patient privilege law as one factor in ruling on a motion to quash a subpoena to produce third-party medical records. Further, the Scioto County defendants contend that the primary factor in determining involuntary disclosure of medical records is "the probative value of the medical records." *Id.* at 935. However, the undersigned finds that *Northwestern* is inapposite for several reasons. First, the *Northwestern* court specifically held that the state privilege did not govern federal-question suits, noting that "[t]he enforcement of federal law might be hamstrung if state-law privileges more stringent than any federal privilege regarding medical records were applicable to all federal cases." *Northwestern*, 362 F.3d at 925. Second, in considering the state law physician-patient privilege as "a final factor" in favor of quashing the subpoena for third-party medical records, the Seventh Circuit took care to explain that they were not applying the privilege but were considering "with special care the arguments for quashing the subpoena on the

7

basis of relative hardship under Fed. R. Civ. P. 45(c)." *Id.* at 933. Lastly, the subpoena for medical records in *Northwestern* was quashed not because of the state law privilege, but because of the limited benefit of production (the lack of probative value of the records) comparative to the burden of compliance. *Id.* at 927-29 ("At the oral argument we pressed the government's lawyer repeatedly and hard for indications of what he hoped to learn from the hospital records, and drew a blank."). Here, the requested records are not subject to a federal privilege and are relevant to plaintiff's municipal liability claim; accordingly, they are discoverable.

Defendants' argument that an order compelling the production of the medical records will subject them to tort liability is equally unavailing. The Scioto County defendants cite to *Turk* for the proposition that a valid court order will not protect them from liability to potentially aggrieved inmates under Ohio Rev. Code § 2317.02. Yet, as noted above, the *Turk* court was applying Ohio state law to the plaintiffs' claims under § 2317.02 against a medical provider who produced one of the plaintiff's medical records pursuant to a state court grand jury subpoena. *Turk*, 732 F. Supp.2d at 762-63. The district court held that the defendant medical provider was not entitled to judgment as a matter of law on plaintiffs' state law tort claims because § 2317.02 "does not contain an exception permitting disclosure in response to a grand jury subpoena." *Id.* at 770. The *Turk* court never reached the question of whether a party is liable under § 2317.02 where they comply with a federal court order compelling disclosure of medical records.

Further, the discovery at issue is requested pursuant to plaintiff's claim under 42 U.S.C. § 1983 and is "governed by the provisions of federal law, not state law, pursuant to the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2." *Cleveland Clinic Foundation v. U.S.*, No. 1:11MC14, 2011 WL 862027, at *1 (N.D. Ohio Mar. 9, 2011). Because "the standards applicable to discovery requests under the Federal Rules of Civil Procedure do not

8

provide a physician-patient (or hospital-patient) privilege, the [requested materials] are not protected from disclosure . . .[and the defendants] would violate no patients' rights in complying with [this Court's order]." *Id.* at *2. As defendant Walker affirmatively states, "a court order compelling production would certainly be a defense to any claim against the jail . . . ." (Doc. 27, p. 3).

Defendants also contend that plaintiff's motion to compel should be denied because the requested discovery is overly-broad and unduly burdensome, and that plaintiff is engaging in a fishing expedition. The records sought consist of two categories: (1) medical records of inmates who were in the Scioto County jail concurrently with Marcum, from October 10, 2008 to November 17, 2008, and (2) medical records of inmates who were in the Scioto County jail in between July 1, 2007 through December 31, 2008 and were treated for asthma. The Scioto County defendants have identified 187 inmates who were in the jail during the same five-week period as Marcum and that these inmates' last known addresses and contact information have been provided to plaintiff. Defendants argue that plaintiff has the ability to contact these inmates to secure information and medical waivers from them and that they should not be burdened with providing plaintiff with discovery she can obtain on her own.

In her reply, plaintiff explains that she, along with her counsel and family members, attempted to locate as many of the 187 individuals as possible to interview them and obtain waivers for their medical files. This was done through mailings, phone calls, and in person; however, plaintiff only received responses from four individuals. Plaintiff asserts that it is extremely difficult for her to locate these individuals from the information provided by defendants; none of the located individuals maintain the same address in 2008 as was contained in the discovery received by defendants, two had no permanent residence, one was on the run

due to an open warrant, and one expressed fear of retaliation when asked for access to their medical records. As a consequence, plaintiff asserts that the task of obtaining the records on her own is inadequate. In light of these representations, the undersigned finds that plaintiff has made a good faith, yet fruitless, effort to obtain the requested discovery. Accordingly, unless the effort on defendants to produce the records is unduly burdensome, they should be required to produce the medical records in their custody and control.

In this regard, the Court must consider whether the burden on defendants outweighs the likely benefit to plaintiff, considering "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)). With respect to the first category of discovery, the medical records of inmates who were in the Scioto County jail during the same five-week period as Marcum, the parties agree that there are 187 responsive files. Thus, there are a finite number of files at issue and the Scioto County defendants concede that "[t]he task of pulling, reviewing, redacting and copying [these records] is certainly within [their abilities] . . . ." (Doc. 28, p. 8). In addition, as explained above, the information sought is relevant to plaintiff's claims in this case and plaintiff has been unable to otherwise obtain the information despite her good faith efforts. Nor have defendants demonstrated that on balance providing the records would prove unduly burdensome. Consequently, the undersigned finds that the task of producing these records in an appropriately redacted form to protect the identities of the non-party inmates is not an undue burden and that the Scioto County defendants are required to provide this discovery subject to an appropriate protective order.

From their knowledge that 187 inmates were in jail during the same five-week period as Marcum, the Scioto County defendants extrapolate that there are potentially 2,805 records to review in determining what records are responsive to plaintiff's request for files of inmates treated for asthma between July 1, 2007 through December 31, 2008. However, as plaintiff notes in her reply, it is likely that responsive records can be identified through an electronic search or by looking at booking documents which identify whether an inmate reported having asthma upon intake at the jail. The undersigned recognizes this is a potentially burdensome process, however, the burden is not "undue" and does not outweigh plaintiff's demonstrated need for the discovery to prove her municipal liability claim.

Defendants argue that plaintiff's request is overbroad and that she is engaging in a "fishing expedition" in an attempt to support a baseless municipal liability claim. Defendants' arguments are not well-taken. The undersigned finds that plaintiff's requests are sufficiently tailored to discover evidence relevant to her claims. Plaintiff seeks records of inmates who received medical treatment at the Scioto County jail during the time of Marcum's confinement and records of inmates who were treated for asthma at the Scioto County jail for an eighteen-month period. These requests are limited in scope and time and are reasonably calculated to lead to the discovery of admissible evidence.

Further, as plaintiff notes in her reply, it is likely that the Scioto County defendants will be able to identify records responsive to plaintiff's request for inmates treated for asthma over an 18-month period through an electronic search. The Scioto County defendants have not made any representations that this is not a workable method for identifying the relevant inmate files. Indeed, they admit that they are unaware of the actual number of responsive records at this time. (Doc. 28, p. 8). In light of the limited nature of plaintiff's request, the potential relevance of the

11

records, and defendants' failure to show an "undue burden," the Court finds that the requested records over the 18-month period are discoverable and should be produced in an appropriately redacted form subject to a protective order.[2]

Plaintiff's motion to compel responses to the two document requests at issue is **GRANTED**. The Court will require that the parties fashion a proposed protective order that appropriately protects any confidential information disclosed through the production of the medical documents at issue.[3]

**IT IS SO ORDERED.**

Date: 6/4/12

Karen L. Litkovitz
United States Magistrate Judge

---

[2] With respect to defendants' arguments that plaintiff has not proven that Marcum had a serious medical need or that Scioto County had a pattern and practice of "deliberate indifference," these arguments are premature in this stage of the litigation and should instead be addressed in a motion for summary judgment or determined by the trier of fact at trial.

[3] This Court has authority pursuant to Fed. R. Civ. P. 26(c) to issue protective orders to protect the privacy interests of third-parties. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).