# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **CANDY MARCUM,** | : | **Case No. 1:10-cv-00790** |
| | : | |
| **Plaintiff,** | : | **Judge Herman J. Weber** |
| v. | : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| **SCIOTO COUNTY, OHIO, et al.** | : | |
| | : | **PROTECTIVE ORDER** |
| **Defendants.** | : | |
| | : | |

Pursuant to the Order on Motion to Compel, Doc. 40, it is hereby ordered that defendants produce the medical files of every inmate housed at any time in the same dormitory as the plaintiff during his confinement at the Scioto County Jail between October 10, 2008 and November 17, 2008 and the medical files of each and every inmate treated for asthma and held at the Scioto County Jail at any time between July 1, 2007 and December 31, 2008, subject to the following terms and conditions:

1. The inmate medical files produced by the Defendants for inmates other than William Marcum who were incarcerated at the Scioto County Jail in discovery in this case and any copies thereof (hereinafter "the documents") will be kept strictly confidential.

2. These documents shall be available only to the Court, counsel for the parties, paralegals and administrative staff employed by counsel and experts retained by the parties for the purposes of this litigation. These documents are to be used only in connection with the preparation of Civil Action No. 1:10-cv-00790, and are to be kept under lock and key at all times when not being used.

3. All persons to whom the documents or the information contained therein is shown, furnished or otherwise disclosed must keep the contents of the documents

confidential and cannot reproduce or disclose the contents to any other person except as provided in this Order. The aforementioned persons shall first be shown a copy of this Protective Order and shall be subject to its terms. All persons will acknowledge their understanding of the Order by signing a copy which shall be retained by counsel.

4. All documents produced pursuant to this order shall be designated by way of a stamp marked "Confidential."

5. All inmate/patient files that are produced shall first be redacted of any reference to the patient's name, street address, or any other identifying characteristic of the patient, or any other information from which the patient could be identified from the face of the document. A key shall be developed that substitutes a number for the identifying information so that records can be verified if necessary. All the records of a single patient shall be produced together but the patient him/herself shall not be identifiable. It is the intent of this Order that the patient's identity and privacy shall at all times be strictly protected while nonetheless ensuring that information relevant to the claims or defenses in this case be provided to counsel.

6. If any documents subject to this Order are used in this litigation, e.g., as deposition exhibits or attachments to pleadings, the parties shall take all steps reasonably required to protect the confidentiality of such documents, and any such documents used as exhibits shall be filed under seal and shall not lose their confidential status by such use. Moreover, portions of deposition transcripts in which such exhibits are discussed, or in which the information gained from such exhibits is discussed, shall be kept confidential and any such transcript portions that are filed with the Court shall be filed under seal. If the parties refer, in briefs, pleadings, or other filed papers, to information gained from the

confidential documents, they shall do so in a manner designed to preserve confidentiality and anonymity, supplying no more information than is necessary in the context.

7. No copies are to be made of these documents, except for such use as is permitted in paragraph 5 above. All documents subject to this Order are to be destroyed at the conclusion of this litigation.

8. The terms and conditions of this order are intended to and do comply with the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d, et seq., ("HIPAA"). This order serves as a qualified protective order under the terms of 45 C.F.R. § 164.512(e)(1)(ii)(B).

9. The provisions of this Protective Order shall remain in full force and effect following the conclusion of this litigation until or unless modified or vacated by the Court or upon written consent of counsel for the Plaintiffs and Defendants.

SO ORDERED:

Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE

Agreed: (Defendants agree as to form only)

| s/ David S. Lockemeyer | s/Alphonse A. Gerhardstein |
|---|---|
| Joshua F. DeBra(0059188) | Alphonse A. Gerhardstein (0032053) |
| David S. Lockemeyer (0083267) | Trial Attorney for Plaintiff |
| Calderhead, Lockemeyer & Pechke | Jennifer L. Branch (0038893) |
| 5405 DuPont Circle, Suite E | Kane P. Kayser (0086532) |
| Milford, OH 45150 | Attorney for Plaintiffs |
| Tel 513.576.1060 | Gerhardstein & Branch, Co. LPA |
| Fx 513.576.8792 | 432 Walnut Street, Suite 400 |
| dlockemeyer@clp-law.com | Cincinnati, Ohio 45202 |
| jdebra@clp-law.com | (513) 621-9100 |
| Attorneys for Defendant David A. Walker, M.D. | (513) 345-5543 |
| | agerhardstein@gbfirm.com |
| | jbranch@gbfirm.com |

3

| | kkayser@gbfirm.com<br>Attorneys for Plaintiff |
|---|---|
| s/Andrew N. Yosowitz<br>J. Stephen Teetor (0023355)<br>jst@isaacbrant.com<br>Andrew N. Yosowitz  (0075306)<br>any@isaacbrant.com<br>ISAAC, BRANT, LEDMAN & TEETOR,<br>LLP<br>250 East Broad Street Suite 900<br>Columbus, Ohio 43215<br>(614) 221-2121<br>Fax (614) 365-9516<br>*Attorneys for Defendants Scioto County,*<br>*Ohio,Marty V. Donini, Jason Lute, Craig*<br>*Johnson,Jay Springs, Brett Cody Ervin,*<br>*Kristi Powell and Zach Conkel* | s/Joseph A. Condeni<br>Joseph A. Condeni (0030275)<br>Smith and Condeni, LLP<br>600 East Granger Rd., Second Floor<br>Brooklyn Hts., Ohio  44131<br>(216) 771-1760<br>(216) 771-3387 (Fax)<br>jcondeni@aol.com or joe@smith-<br>condeni.com<br>Attorney for Plaintiff |