UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CANDY MARCUM,

    Plaintiff,

vs.

SCIOTO COUNTY, OHIO, *et al.*,

    Defendants.

Case No. 1:10-cv-790

Weber, J.
Litkovitz, M.J.

ORDER

Plaintiff brings this action, as the administratrix of the estate of and on behalf of William Marcum (Marcum), deceased, under 42 U.S.C. § 1983 alleging violations of Marcum's constitutional rights by David Walker, M.D. (defendant Walker), Scioto County Sheriff's Office employees Marty Donini, Jason Lute, Craig Johnson, Jay Springs, Brett Ervin, Kristi Powell, Zach Conkel, John and Jane Does 1-10, and Scioto County (the County defendants). (Doc. 1). This matter is before the Court on the Scioto County defendants' motion to bifurcate plaintiff's 42 U.S.C. § 1983 *Monell*[1] claims and to stay discovery and trial on the *Monell* claims (Doc. 29), plaintiff's memorandum in opposition (Doc. 44), and the County defendants' reply. (Doc. 47). For the following reasons, the motion to bifurcate is **DENIED**.

### I. Background

Plaintiff's complaint alleges that Marcum, plaintiff's deceased husband, was remanded to the Scioto County Jail on October 10, 2009 to serve a two year sentence for identity theft. (Doc. 1, ¶ 10). Marcum had a history of asthma and defendants were aware of this medical condition. *Id.*, ¶ 11. Marcum sought treatment for his asthma while in the jail and was given some access to

---

[1] Plaintiff's complaint alleges that defendants are liable for Marcum's injuries pursuant to *Monell v. New York City Dept. of Soc. Srvs.*, 436 U.S. 658 (1978), as a result of their policies, practices, customs, and usages regarding the medical treatment provided to Scioto County Jail inmates. *See generally* Doc. 1.

an inhaler and some medication, but these failed to control his asthma. *Id.*, ¶ 16. In the week prior to November 17, 2008, Marcum was having difficulty breathing and had requested breathing treatments from the hospital but his requests were denied. *Id.*, ¶ 17. On November 16, 2008, Marcum and other inmates informed several of the Scioto County defendants that Marcum was in distress due to asthma but they failed to timely provide medical treatment. *Id.*, ¶ 19. Marcum collapsed while suffering an asthma attack shortly after midnight on November 17, 2008 and died from the attack after inmates' attempts at administering CPR were unsuccessful. *Id.*, ¶¶ 20-22. Plaintiff alleges that policies, practices, customs, and usages put in place by the defendant policymakers were the moving force behind Marcum's death and that defendants were deliberately indifferent to Marcum's serious medical needs. *Id.*, ¶¶ 23, 25. Plaintiff further alleges that the defendant policymakers failed to train Scioto County jail employees and implement policies that adequately address the known health risks to inmates suffering from asthma. *Id.*, ¶ 24.

## II. Discussion

The County defendants now move the Court for an order bifurcating plaintiff's *Monell* claims and staying discovery and trial on such claims pending resolution of plaintiff's § 1983 deliberate indifference claims.

It is within the discretion of the Court to bifurcate issues at trial "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). "The principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). In determining whether

bifurcation is appropriate, courts should consider, *inter alia*, the following issues: (1) the potential prejudice to the parties; (2) the possibility of juror confusion; and (3) the resulting convenience and economy. *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997). In ruling on a motion to bifurcate, courts should remain mindful that:

> the provision for separate trials in Rule 42(b) is intended to further many significant policies – the parties' convenience, the avoidance of delay and prejudice, and the promotion of the judicial administration that is to be controlling under the rule, rather than the wishes of the parties. The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course. Thus, Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule.

9A C. Wright, A. Miller & F. Elliot, *Federal Practice & Procedure*, § 2388 at 279 (3d ed. 2012)

In support of their motion, the County defendants argue that bifurcating plaintiff's *Monell* claims will serve the purpose of judicial economy by eliminating the need for discovery and judicial intervention to resolve potential discovery disputes or dispositive motions and, further, will reduce the length of, and evidence presented at, trial as plaintiff's recovery under *Monell* first requires a finding that there was an underlying constitutional deprivation. *See Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Defendants also assert that bifurcation will avoid jury confusion by reducing the evidence presented at trial which in turn will reduce potential prejudice to the individual defendants by obviating the need to expose jurors to unrelated complaints of misconduct. Defendants' arguments are not well-taken.

While the undersigned agrees that bifurcating the *Monell* claims at this juncture will likely hasten discovery regarding plaintiff's underlying Eighth Amendment claim and serve the purpose of judicial economy to the extent that it would mitigate potential discovery disputes

3

and/or issues raised in dispositive motions, this hypothetical economy relies on the assumption that plaintiff will not be successful on her constitutional claims against the individual officers. If, on the other hand, plaintiff successfully prosecutes the individual defendants and the jury finds that there was a constitutional deprivation, then any gained efficiency will be lost. Indeed, such an outcome would require all parties, as well as the Court, to start the discovery process over at square one. Notwithstanding the additional time which would be needed for discovery and dispositive motions, it would also be necessary to empanel an entirely new jury and hold a second trial which, considering plaintiff's claims and the issues raised in the instant briefs, would likely include redundant witness testimony and evidence. "It is difficult to see how this proposed arrangement, in practice, yields any benefit to judicial efficiency or resources." *Estate of Owensby v. City of Cincinnati*, 385 F. Supp.2d 626, 665-67 (S.D. Ohio 2004), *aff'd and remanded*, 414 F.3d 596 (6th Cir. 2005) (denying municipal defendants' motion to bifurcate *Monell* claims).

Likewise, the County defendants' argument appears to overstate the extent to which the individual defendants might be prejudiced should the *Monell* evidence be introduced to the jury at their trial. First, it bears noting that this issue may never reach trial if the County defendants are successful at the summary judgment stage.[2] Further, as noted by plaintiff in her response, the possibility of jury confusion and prejudice to these defendants can be cured by "use of a special verdict form, a well-adapted jury charge, and carefully crafted limiting instructions." *D'arrigo v. Gloucester City*, No. 04-5967, 2007 WL 4440222, at *3 (D. N.J. Dec. 17, 2007). Lastly, while the potential prejudice to defendants can be largely, if not entirely, ameliorated, bifurcating the *Monell* claim runs the irremediable risk of prejudicing plaintiff by depriving her "legitimate right

---

[2] The Court does not presume that the County defendants will be filing a dispositive motion on the *Monell* issues; rather, it simply acknowledges their expressed intent to do so in their instant motion. *See* Doc. 29, p. 5-6.

4

to place before the jury the circumstances and atmosphere of the entire cause of action. . . ." *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 217 (6th Cir. 1982).

The undersigned finds that bifurcating the *Monell* claims will not necessarily enhance or serve judicial economy and, in fact, may lead to an uneconomical result. Moreover, any potential prejudice to the individual defendants can be ameliorated by proper instructions while bifurcation would necessarily prejudice plaintiff by denying her the right to present the entirety of her case to the jury. Accordingly, the undersigned declines to stay discovery on or bifurcate the *Monell* claims at this time.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the County defendants' motion to bifurcate plaintiff's § 1983 *Monell* claims and to stay discovery and trial on the *Monell* claims.

**IT IS SO ORDERED.**

Date: 7/5/12

Karen L. Litkovitz
United States Magistrate Judge